UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK J. GOSSETT,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>TERRI J. GAILFUS, *et al.*,<br><br>　　　　　　　Defendants. | CASE NO. 3:23-cv-05850-JLR-GJL<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: November 10, 2023 |

## I.    INTRODUCTION

This is a 42 U.S.C. § 1983 prisoner civil rights action. Plaintiff Mark Jonathan Gossett, proceeding *pro se*, is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington. Plaintiff has submitted to this Court for filing: (1) a Motion for Leave to Proceed *In Forma Pauperis* ("IFP") (Dkt. 1); and (2) a proposed § 1983 Complaint (Dkt. 1-1). Plaintiff's proposed Complaint alleges violations of his Fourth and Fourteenth Amendment rights relating to his alleged false arrest, false imprisonment, and malicious prosecution on charges of assault of a child in the fourth degree that he pleaded guilty to in Thurston County in 2008. *See* Dkt. 1-1.

The Court, having reviewed Plaintiff's submissions and the balance of the record, concludes Plaintiff has not stated a cognizable claim for relief in this action. The Court therefore recommends that Plaintiff's proposed Complaint (Dkt. 1-1) and this action be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1). The Court further recommends that Plaintiff's IFP Motion (Dkt. 1) be **DENIED as moot**.

## II.    BACKGROUND

Plaintiff identifies the following Defendants in his proposed Complaint: (1) Thurston County Deputy Prosecuting Attorney ("DPA") Terri Gailfus, and his legal partner/spouse "Doe;" and (2) former Thurston County Prosecuting Attorney Edward G. Holm, and his wife, Margrete Holm. Dkt. 1-1 at 10–12.

Plaintiff's proposed Complaint alleges that, on June 28, 2007, DPA Gailfus affirmed a determination of probable cause for Plaintiff's charges of third-degree assault of his 11-year-old son as "true and correct." Dkt. 1-1 at 13; Dkt. 1-1 at 20, Ex. A. Plaintiff alleges Thurston County Superior Court Judge Richard A. Strophy signed an *ex parte* order finding probable cause based on DPA Gailfus' information and determination of probable cause. Dkt. 1-1 at 14; Dkt. 1-1 at 25, Ex. C.

Plaintiff further alleges that a subsequent investigation conducted by Child Protective Services ("CPS") revealed the evidence used in support of DPA Gailfus' probable cause determination was "inconclusive," but DPA Gailfus "investigated, obtained, and affirmed evidence existed to overcome the CPS finding." Dkt. 1-1 at 14. Deputy Prosecuting Attorney Skinder "adopted DPA Gailfus' information" in support of a First Amended Information filed in April 2008, charging Plaintiff with one count of fourth-degree assault of his son. *Id*. at 14–15; Dkt. 1-1 at 39, Ex. G. Plaintiff entered a plea of guilty to that charge on April 2, 2008, and was

1  sentenced to 365 days of confinement which was deferred for 24 months on the condition that

2  Plaintiff serve that period of time in community custody. Dkt. 1-1 at 41–42, Ex. H; Dkt. 1-1 at

3  44–46, Ex. I.

4         Plaintiff alleges this invalid conviction and sentence was used as a "non-statutory

5  essential element" in a later criminal proceeding in which Plaintiff was convicted of two counts

6  of second-degree rape of a child and two counts of second-degree child molestation and

7  sentenced to 245 months to life. Dkt. 1-1 at 15; *see also Gossett v. Jinhong, et al.*, 3:23-cv-

8  05821-TSZ-MLP (W.D. Wa.).

9         Plaintiff identifies two causes of action arising out of the allegations set forth above.

10  Plaintiff's first cause of action alleges false arrest and false imprisonment based on DPA Gailfus

11  and Prosecuting Attorney Holm "violating [his] personal liberty by restraint without legal

12  authority," in violation of his rights under the Fourth and Fourteenth Amendments. Dkt. 1-1 at

13  15–16. Plaintiff claims DPA Gailfus and Prosecuting Attorney Holm both engaged in such

14  actions while acting under the color of law and concurrently "gave . . . affirmation to the

15  probable cause, affirming an allegation investigated and denied by CPA." *Id*.

16         Plaintiff's second cause of action alleges DPA Gailfus and Prosecuting Attorney Holm

17  engaged in malicious prosecution, in violation of his rights under the Fourth and Fourteenth

18  Amendments. *Id*. at 16. Plaintiff claims that DPA Gailfus and Prosecuting Attorney Holm acted

19  with malice and without probable cause in seeking a conviction by giving "oath and affirmation

20  to their own investigation, in contradiction [of] agency investigation, [and] lacking forensic

21  testing." *Id*. He adds that these Defendants knowingly falsified investigative findings in order to

22  secure a conviction of Plaintiff. *Id*.

23

24

As his requested relief, Plaintiff seeks a declaration stating Defendants' actions and omissions violated his constitutional rights, unspecified injunctive relief, compensatory damages in an amount no less than $28 million dollars, and punitive damages. *Id*. at 16–17.

## III.    DISCUSSION

### A.    Legal Standards

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) that he suffered a violation of rights protected by the Constitution or created by federal statute; and (2)

1   that the violation was proximately caused by a person acting under color of state law. *See*

2   *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff

3   must allege facts showing how individually named defendants caused, or personally participated

4   in causing, the harm alleged in the complaint. *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350,

5   1355 (9th Cir. 1981) (citing *Johnson v. Duffy*, 588 F.2d 740, 743–44 (9th Cir. 1978)).

6         "The inquiry into causation must be individualized and focus on the duties and

7   responsibilities of each individual defendant whose acts or omissions are alleged to have caused

8   a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Vicarious

9   liability may not be imposed on a supervisory employee for the acts of their subordinates in an

10  action brought under § 1983. *Lemire v. California Dep't of Corrs. & Rehabilitation*, 726 F.3d

11  1062, 1074 (9th Cir. 2013). A supervisor may, however, be held liable under § 1983 "if he or she

12  was personally involved in the constitutional deprivation or a sufficient causal connection exists

13  between the supervisor's unlawful conduct and the constitutional violation." *Jackson v. City of*

14  *Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001).

15  **B.    Analysis**

16        In this case, the Court first observes Plaintiff's alleged § 1983 claims are asserted against

17  Thurston County Prosecuting Attorneys, DPA Gailfus and former Prosecuting Attorney Holm.

18  *See* Dkt. 1-1 at 10–12. The United States Supreme Court has held that, in light of common law

19  immunity law principles, persons who perform official functions in the judicial process are

20  absolutely immune from liability for damages under 42 U.S.C. § 1983. *Briscoe v. LaHue*, 460

21  U.S. 325, 334–36 (1983). Prosecutors have specifically been accorded absolute immunity from

22  § 1983 claims for acts done within the scope of their official duties. *See Imbler v. Pachtman*, 424

23  U.S. 409, 431 (1976).

24

It is clear from Plaintiff's proposed Complaint that he is essentially challenging charging decisions made by DPA Gailfus and Prosecuting Attorney Holm. *See* Dkt. 1-1 at 13–16. Such charging decisions are made within the scope of their official responsibilities and duties as prosecutors. As such, both DPA Gailfus and Prosecuting Attorney Holm are entitled to absolute immunity with respect to such claims.

Moreover, even if Plaintiff could assert a viable § 1983 claim against any of the proposed Defendants, such claims would necessarily implicate the validity of his conviction and would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id*., 512 U.S. at 489.

As liberally construed from the face of his proposed Complaint, Plaintiff's claims all stem from his Thurston County conviction for fourth-degree assault of a child. *See* Dkt. 1-1 at 15–16. Plaintiff has not demonstrated his conviction underlying his claims at issue in this case has been reversed, expunged, invalidated, or impugned by a previous grant of habeas corpus. Thus, under *Heck*, Plaintiff's claims have yet to accrue, and thus, are not cognizable in this § 1983 proceeding.

Where a *pro se* litigant's complaint fails to state a claim upon which relief can be granted, the Court generally grants him the opportunity to amend the complaint. *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). The Court may however deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id*. Because the claims identified by Plaintiff in his proposed Complaint are barred by prosecutorial immunity and otherwise concern a criminal conviction that has not been reversed, expunged, invalidated, or

impugned by a grant of a writ of habeas corpus, this Court recommends Plaintiff's § 1983 action be dismissed without leave to amend.

## IV.    CONCLUSION

Based on the foregoing, the Court recommends: (1) Plaintiff's proposed Complaint (Dkt. 1-1), and this action, be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a viable claim for relief under § 1983; and (2) Plaintiff's Motion for Leave to Proceed IFP (Dkt. 1) be **DENIED as moot**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **November 10, 2023**, as noted in the caption.

Dated this 25th day of October, 2023.

Grady J. Leupold
United States Magistrate Judge