UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK J. GOSSETT,<br><br>               Plaintiff,<br>    v.<br><br>TERRI J. GAILFUS, et al.,<br><br>               Defendants. | CASE NO. C23-5850JLR<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND DISMISSING CASE |

Before the court is Magistrate Judge Grady J. Leupold's report and recommendation, in which he recommends that the court (1) dismiss *pro se* Plaintiff Mark J. Gossett's proposed 42 U.S.C. § 1983 civil rights complaint without leave to amend and (2) deny Mr. Gossett's motion for leave to proceed *in forma pauperis* ("IFP") as moot.  (R&R (Dkt. # 4); *see* Prop. Compl. (Dkt. # 1-1); IFP Mot. (Dkt. # 1).)  Mr. Gossett filed timely objections on November 8, 2023.  (Obj. (Dkt. # 5).)  Having carefully reviewed the foregoing documents, the relevant portions of the record, and the governing law, the court ADOPTS in part the report and recommendation; DISMISSES

ORDER - 1

Mr. Gossett's civil rights complaint without prejudice; and DENIES Mr. Gossett's IFP motion as moot.

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Because Mr. Gossett is proceeding *pro se*, the court must interpret his complaint and objections liberally. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003).

In June 2007, according to Mr. Gossett, Defendant Terri J. Gailfus, a Thurston County Deputy Prosecuting Attorney, swore to a certification of probable cause in support of two charges against Mr. Gossett for assault of a child. (Prop. Compl. ¶¶ 1.4, 1.12-1.13 (citing *id.*, Exs. A (information), B (certification of probable cause).) A Thurston County Superior Court Judge issued a summons for Mr. Gossett to appear in court on those charges based on Ms. Gailfus's certification of probable cause. (*Id.* ¶ 1.14; (citing *id.*, Ex. C (determination of probable cause and order for summons and appearance)).) Mr. Gossett alleges that Ms. Gailfus "investigated, obtained, and affirmed evidence existed to overcome" a Child Protective Services ("CPS") finding that the evidence was inconclusive that Mr. Gossett had physically abused a child. (*Id.*

¶¶ 1.15-1.16; *see id.*, Ex. D at 30[1] (CPS letter).)  In April 2008, Mr. Gossett entered an *Alford* plea to a charge of fourth degree assault and received a deferred sentence.  (*Id.* ¶ 1.21; *see id.*, Exs. H (statement of plea), I (order of deferred sentence).)  According to Mr. Gossett, this conviction was "used as a non-statutory essential element" in a subsequent criminal matter that resulted in Mr. Gossett's current incarceration.  (*Id.* ¶ 1.22, *see id.*, Exs. L (June 10, 2010 felony judgment and sentence, including the April 2008 conviction in Mr. Gossett's criminal history), M (November 20, 2008 certification of probable cause, noting that Mr. Gossett had pleaded guilty to fourth degree assault).)  Mr. Gossett raises claims against Ms. Gailfus and her then-supervisor, Defendant Edward Holm, for "false arrest / false imprisonment" and malicious prosecution in violation of the Fourth and Fourteenth Amendments to the United States Constitution based on Ms. Gailfus's allegedly falsified and unsupported certification of probable cause.  (*Id.* ¶¶ 1.24-1.25.[2])

      Magistrate Judge Leupold recommends that the court dismiss Mr. Gossett's complaint because (1) Defendants have absolute immunity from § 1983 claims under the doctrine of prosecutorial immunity and (2) Mr. Gossett's claims implicate the validity of his state-court conviction and are thus barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).  (R&R at 5-6.)  Magistrate Judge Leupold also recommends that the court

---

[1] The court cites to the page numbers in the CM/ECF header when referring to Mr. Gossett's exhibits.

[2] Mr. Gossett also names Mr. Holm's wife and Ms. Gailfus's spouse as Defendants but does not allege any conduct by them that underlies his claims.  (*See generally id.*)

(1) deny leave to amend on the basis of futility because nothing Mr. Gossett could allege in an amended complaint can cure these deficiencies and (2) deny Mr. Gossett's IFP motion as moot. (*Id.* at 6-7.)

Mr. Gossett raises four objections. (*See generally* Obj.) The court considers each in turn. First, he argues that prosecutorial immunity does not apply to Ms. Gailfus because she was acting as a witness or performing investigative functions when she signed the certification of probable cause in 2007. (Obj. at 2 (citing *Kalina v. Fletcher*, 522 U.S. 118 (1997)).) Mr. Gossett is correct. In *Kalina v. Fletcher*, the plaintiff alleged Fourth Amendment claims arising from an arrest based on inaccuracies in a certification of probable cause that had been sworn to by a King County deputy prosecutor. *Kalina*, 522 U.S. at 122. The Supreme Court held that the prosecuting attorney was not immune from suit because she was acting as a witness rather than as a prosecutor when she swore to the certification. *Id.* at 130-31; *see id.* at 129-30 (noting that by making the certification of probable cause, the prosecutor "performed an act that any competent witness might have performed"). So too here. Because Ms. Gailfus was acting as a witness when she swore to the certification of probable cause, she is not entitled to absolute immunity for her conduct with respect to that document. Thus, the court sustains Mr. Gossett's first objection and declines to adopt that portion of the report and recommendation that holds that Ms. Gailfus is absolutely immune from suit on the basis of prosecutorial immunity.

Second, Mr. Gossett argues that the court "is barred from making an absolute immunity determination" because Defendants have the burden to show that they are

entitled to absolute immunity and have not appeared in this action. (Obj. at 2-3 (citing *Lacey v. Arpaio*, 649 F.3d 1118 (9th Cir. 2022)).) As Magistrate Judge Leupold made clear in the report and recommendation, however, the Prison Litigation Reform Act of 1995 requires the court "to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity" and dismiss the complaint if it fails to state a claim upon which relief may be granted or seeks monetary relief from an immune defendant. (R&R at 4 (citing 28 U.S.C. §§ 1915A, 1915(e)(2)).) Accordingly, the court overrules Mr. Gossett's second objection.

Third, Mr. Gossett objects to Magistrate Judge Leupold's conclusion that Mr. Gossett's claims are barred by *Heck* because he failed to show that his 2008 conviction "has been reversed, expunged, invalidated, or impugned by a previous grant of habeas corpus." (Obj. at 3 (quoting R&R at 6).) Mr. Gossett asserts that he need not show a favorable termination of his prior conviction because no "Uniform Judgment and Sentence" was issued in his 2008 matter. (*Id.* at 3-4.) Mr. Gossett, however, attached to his complaint the April 2, 2008 order of deferred sentence, which provides that he was adjudged guilty and sentenced to 365 days of confinement, deferred for 24 months. (Prop. Compl., Ex. I.) The court agrees with Magistrate Judge Leupold that Mr. Gossett's claims are barred by *Heck* because they "necessarily implicate" the validity of the April 2008 conviction, which has not been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and thus overrules Mr. Gossett's third objection. (R&R at 6 (quoting *Heck*, 512 U.S. at 489).)

1  Fourth, Mr. Gossett asserts that because he has shown that Defendants do not have absolute immunity and his claims are not barred by *Heck*, he has "made a showing of a suffered constitutional right" and thus his claim is "beyond 'speculative'." (Obj. at 4.) The court overrules this final objection because, as discussed above, Mr. Gossett's claims are barred by *Heck*.

Finally, the court independently concludes that Mr. Gossett's claims are barred by the statute of limitations. The statute of limitations for federal civil rights claims under § 1983 is the same as the statute of limitations provided for personal injury torts in the forum state. *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 743 (9th Cir. 2019). In Washington, the statute of limitations for personal injury actions—and thus for § 1983 claims—is three years. *See* RCW 4.16.080(2). A civil rights claim accrues under federal law "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 952 (9th Cir. 2022) (quoting *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008)). Here, because the injuries Mr. Gossett complains of took place no later than June 2010, when he was sentenced to his current term incarceration, his claims are barred by the statute of limitations. (*See generally* Prop. Compl.)

In light of the foregoing, the court agrees with Magistrate Judge Leupold that amendment of Mr. Gossett's complaint would be futile, and that, as a result, Mr. Gossett's IFP motion must be denied. (*See* R&R at 6-7.) Accordingly, the court ORDERS as follows:

    1.    The court ADOPTS the report and recommendation (Dkt. # 4) in part;

2. Mr. Gossett's complaint (Dkt. # 1-1), and this action, are DISMISSED without prejudice and without leave to amend;

3. Mr. Gossett's application to proceed in forma pauperis (Dkt. # 1) is DENIED as moot; and

4. The Clerk is DIRECTED to send copies of this order to Mr. Gossett and to Magistrate Judge Leupold.

Dated this 4th day of December, 2023.

*[signature]*

JAMES L. ROBART
United States District Judge

ORDER - 7